[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11747

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT DANIEL SOLOVE,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cr-80025-DMM-1

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Daniel Solove appeals his convictions for two counts of producing child pornography, in violation of 18 U.S.C. § 2251(a); two counts of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He appeals the district court's denial of his motion to suppress his internet protocol ("IP") address and e-mail address, obtained without a warrant from the subscriber records of chat messaging application Kik. On appeal, he argues that IP and e-mail addresses fall into the exception to the third-party doctrine established by *Carpenter v. United States*, 138 S. Ct. 2206 (2018), because they constitute cell-site location information ("CSLI") for which a warrant is required.

The Fourth Amendment guarantees individuals the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Under the exclusionary rule, evidence obtained as a direct result of an illegal search or seizure is subject to exclusion, as is "evidence later discovered and found to be derivative of an illegality or fruit of the poisonous tree." *Segura v. United States*, 468 U.S. 796, 804 (1984) (quotation marks omitted). To suppress evidence based on Fourth Amendment violations, "a claimant has the burden of proving (1) that the search was unlawful and (2) that the claimant had a legitimate expectation of privacy." *United States v. McKennon*, 814

F.2d 1539, 1542 (11th Cir. 1987). This expectation of privacy must be subjective to the defendant and one that society recognizes as reasonable. *United States v. Trader*, 981 F.3d 961, 967 (11th Cir. 2020), *cert. denied*, No. 21-5323 (Oct. 4, 2021). Under the third-party doctrine, an individual has no reasonable expectation of privacy in information conveyed to third parties, even if they only revealed that information for a limited purpose. *United States v. Gayden*, 977 F.3d 1146, 1151 (11th Cir. 2020), *cert. denied*, No. 20-7896 (Oct. 4, 2021).

In *Carpenter*, however, the Supreme Court held that individuals have a reasonable expectation of privacy in CSLI, such that the government must obtain a warrant to obtain CSLI records from cell phone carriers. *Carpenter*¸ 138 S. Ct. at 2223. The Court found that the "unique nature of cell phone location records" subjected them to Fourth Amendment protection, noting that cell phones automatically connect to the nearest cell tower several times per minute without any action on the part of the user. *Id.* at 2217. The Court expressly held, however, that its decision was "a narrow one" and did not impact "business records that might incidentally reveal location information." *Id.*

In *Trader*, we held that the *Carpenter* exception to the third-party doctrine does not extend to e-mail and IP addresses. 981 F.3d at 967-68. We rejected Trader's argument that IP and e-mail address constitute CLSI, because they are neither location records nor cell phone records. *Id.* at 968-69. IP addresses, we explained, only reveal an individual's location indirectly, if the government

examines an internet company's business records to see where a particular network is registered. *Id.* at 968. We stated that both IP addresses and e-mail addresses, further, are associated with any device that can access a wireless internet network, including computers and tablets, rather than cell phones specifically. *Id.* at 969.

Under our prior precedent rule, we are bound to follow the binding precedent of this Court unless and until it is overruled by this Court sitting *en banc* or the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). "The prior panel precedent rule applies regardless of whether the later panel believes the prior panel's opinion to be correct, and there is no exception to the rule where the prior panel failed to consider arguments raised before a later panel." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).

Solove's claim that law enforcement needed a warrant to obtain his e-mail and IP address is foreclosed by our holding in *Trader*, to which we are bound under the prior precedent rule. For this reason, we affirm Solove's convictions.

**AFFIRMED.**